IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELSEVIER INC.; ELSEVIER B.V.;            :   No. 3:10cv2513
ELSEVIER LTD.; MOSBY, INC.;              :
JOHN WILEY & SONS, INC.;                 :   (Judge Munley)
BLACKWELL PUBLISHING, LTD;               :
WILEY PERIODICALS, INC.;                 :
WILEY-LISS, INC.; and                    :
AMERICAN CHEMICAL SOCIETY,               :
                          Plaintiffs     :
                                         :
              v.                         :
                                         :
COMPREHENSIVE MICROFILM &                :
SCANNING SERVICES, INC.;                 :
JAMES A. WASILEWSKI; and                 :
JOHN DOES NOS. 1 - 10,                   :
                          Defendants     :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

_____Before the court for disposition are a motion to join additional

defendants filed by Defendants Comprehensive Microfilm & Scanning

Services, Inc. and James A. Wasilewski, and a motion to file an amended

complaint filed by Plaintiffs Elsevier Inc., Elsevier B.V., Elsevier Ltd,

Mosby, Inc. (hereinafter collectively "Elsevier"), John Wiley & Sons, Inc,

Blackwell Publishing, Ltd., Wiley Periodicals, Inc., Wiley-Liss, Inc.

(hereinafter collectively "Wiley") and American Chemical Society

(hereinafter "ACS").  Both motions, which are opposed, are fully briefed

and ripe for disposition.

**Background**

Plaintiffs publish many of the world's leading scientific, technology

and medical journals.  (Doc. 1, Compl. ¶ 1).  They bring this action to

recover damages for Defendants' alleged acts of copyright infringement,

trademark infringement, trademark counterfeiting and unfair competition.

Plaintiffs are in the business of publishing journals comprised of

peer-reviewed articles authored by scholars, which are often based upon

original research.  (Id. ¶ 19).  Plaintiffs require the authors to assign copyrights to them or grant them exclusive rights of reproduction and distribution in the United States.  (Id. ¶ 21).  A substantial part of plaintiffs' revenue is derived from the publication of the copyrighted works.  (Id. ¶ 22).  Plaintiffs assert that the defendants unlawfully copy microfilm versions of plaintiff's journals for third parties.  (Id. ¶ 28).  Based upon these alleged facts, plaintiffs instituted the instant action.  The complaint consists of the following five counts: Count I -  Copyright Infringement against all defendants; Count II - Contributory Copyright Infringement against Defendant Wasilewski; Count III - Trademark Infringement against all defendants; Count IV - Trademark Counterfeiting against all defendants; and Count V - Common Law Unfair Competition Under State Law against all defendants.

The defendants move to join additional defendants, and the plaintiffs move to file an amended complaint, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to federal copyright law, 17 U.S.C. § 501 and federal trademark law, 15 U.S.C. §§ 1114(a) and 1117, we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We  have supplemental jurisdiction over the plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

**Discussion**

Before the court are the defendants' motion for joinder and the plaintiffs' motion to file an amended complaint.  We will address each in

turn.

### I. Motion for joinder

First, the defendants move to join as defendants several parties who they claim contracted with them to perform the very services that are alleged to have violated plaintiffs' trademarks and copyrights.  Defendants are in the business of processing and making copies of microfilm and other similar technologies.  (Doc. 19, Defs.' Mot. To Join ¶ 5).  Defendants' business involves a mass production operation and occasional checks for production quality. They do not review materials for trademarks or copyrights.  (Id. ¶ 9).  Anthony DeStephen, Princeton Microscan and Franklin Crawford retained defendants to process materials and to make an additional copy of various materials.  (Id. ¶ 6).  Defendants relied on them to provide materials that were legal and not originals protected by copyright or trademark laws.  (Id. ¶ 7).  Thus, defendants did not have knowledge of the content of the materials submitted by DeStephen, Crawford and Princeton Microscan.  (Id.)  Defendants now believe that DeStephen, Crawford and Princeton Microscan created a scheme where they took copyrighted works, specifically the scientific journals at issue, reproduced them and sold them for a profit on the secondary market.  (Id. ¶¶ 10 - 11).  Accordingly, defendants' position is that DeStephen, Crawford and Princeton Microscan are solely responsible for the infringement of plaintiffs' copyrights and trademarks.  (Id. ¶ 14).  Defendants now move to initiate a third-party complaint against these three and to add them as additional defendants to the case.

Generally defendants may initiate a Third-Party Complaint against "nonparty who is or may be liable to [the defendant] for all or part of the

3

claim against [the defendant]." FED. R. CIV. P. 14(a)(1).  The Third Circuit

Court of Appeals has explained as follows:

> A third-party claim may be asserted under Rule
> 14(a) only when the third party's liability is in some
> way dependent on the outcome of the main claim or
> when the third party is secondarily liable to
> defendant. If the claim is separate or independent
> from the main action, impleader will be denied.

F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright,

A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1446, at

355–58 (1990)).

Defendants' proposed Third-Party Complaint asserts a claim for

contribution or indemnity as follows: "If Plaintiff recovers any damages

against Defendant Comprehensive Microfilm & Scanning Services Inc., and

James A Wasilewski [are] entitled to common law contribution and/or

indemnification as a result of the negligence, wrongful acts, or omissions of

the third-party Defendant, its agents, servants or employees, in causing

and/or contribution [sic] to the procession of the materials."  (Doc. 19-1,

Proposed Third-Party Complaint, ¶ 15).

Plaintiffs argue that indemnity/contribution are not available in

copyright/trademark cases and thus the motion to file a Third-Party

Complaint should be denied as futile.  We disagree with the plaintiffs at

least to the extent that their complaint contains not only copyright and

trademark claims, but also a state common law claim for unfair

competition.  Plaintiffs raise no convincing argument as to why contribution

or indemnity would be futile with respect to that claim.[1]  Accordingly, we will

---

[1]Plaintiff mainly argues that the defendants are not entitled to
contribution or indemnity in a trademark or copyright action.  This issue,
however, is best left to a later date in light of the fact that the complaint

grant the defendants' motion for leave to join.

## II.  Motion To Amend

The second motion for the court to address is the plaintiffs' motion to file an amended complaint.  Plaintiffs seek to file an amended complaint to add the following plaintiffs: Elsevier Science Inc., Elsevier Science B.V., Elsevier Science Ltd., and John Wiley & Sons, Ltd.  They also seek to add additional copyrighted works to the amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading is served only by leave of the court. FED. R. CIV. P. 15(a).  District courts must grant leave liberally "when justice so requires." FED. R . CIV. P. 15(a); Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990).

The Supreme Court discussed the liberal standard to amend a complaint under Rule 15(a), when it found in Forman v. Davis that "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment . . . , the leave sought should, as the rules require, be freely given." Provenzano v. Integrated Genetics, et al., 22 F. Supp. 2d 406, 410-11 (3d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In applying Rule 15(a), the Third Circuit Court of Appeals regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir.

---

contains the above-mentioned tort claim in addition to the trademark and copyright claims.

1989) (quoting <u>Cornell & Co., Inc. v. Occupational Safety and Health Rev.</u> <u>Comm'n</u>, 573 F.2d 820, 823 (3d Cir.1978)).  Absent undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  <u>Heyl & Patterson Int'l, Inc. v.</u> <u>F.D. Rich Hous. of the Virgin Islands</u>, 663 F.2d 419, 425 (3d Cir.1981) (citing <u>Cornell</u>, 573 F.2d at 823).

Plaintiffs indicate that recently discovered that they inadvertently omitted parties and the copyrighted works from the schedules appended to the original complaint.  It is these parties and works that they now seek to add to the complaint.  Defendants oppose the motion to amend on the basis that the discovery period is halfway over and the number of proposed new copyright infringements total more than 53% of the original claims.  As noted above, however, prejudice is the touchstone of denial of leave to amend.  Defendants point to no undue prejudice.  There appears to be no bad faith, dilatory motives or undue delay on the part of the plaintiffs.  Accordingly, the motion to amend will be granted.[2]

---

[2]If necessary, the court will entertain a motion for an extension of the discovery deadline.  Such an extension may be even more appropriate as we also are granting the defendants' motion for joinder.

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELSEVIER INC.; ELSEVIER B.V.;** | : | **No. 3:10cv2513** |
| **ELSEVIER LTD.; MOSBY, INC.;** | : | |
| **JOHN WILEY & SONS, INC.;** | : | **(Judge Munley)** |
| **BLACKWELL PUBLISHING, LTD;** | : | |
| **WILEY PERIODICALS, INC.;** | : | |
| **WILEY-LISS, INC.; and** | : | |
| **AMERICAN CHEMICAL SOCIETY,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMPREHENSIVE MICROFILM &** | : | |
| **SCANNING SERVICES, INC.;** | : | |
| **JAMES A. WASILEWSKI; and** | : | |
| **JOHN DOES NOS. 1 - 10,** | : | |
| **Defendants** | : | |

**ORDER**

_____**AND NOW**, to wit, this 17th day of May 2011, it is hereby **ORDERED** as follows:

1) The defendants' Motion To Join Additional Defendants (Doc. 19) is **GRANTED**; and

2) The plaintiffs' Motion for Leave To File an Amended Complaint (Doc. 25) is **GRANTED**.  The Clerk of Court is directed to docket the Amended Complaint attached as Exhibit A to the plaintiffs' motion.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

7