THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELSEVIER, INC., et al. | : | |
| | : | |
| **Plaintiffs** | : | |
| v. | : | |
| | : | |
| COMPREHENSIVE MICROFILM | : | |
| & SCANNING SERVICES, INC. et al. | : | |
| | : | |
| **Defendants** | : | 3:10-cv-2513 |
| v. | : | (JUDGE MARIANI) |
| | : | |
| PRINCETON MICRO SCAN CORP., | : | |
| FRANKLIN CRAWFORD, ANTHONY | : | |
| DESTEPHEN, and JOHN DOE NOS. 1-10: | | |
| | : | |
| **Third-Party Defendants** | : | |

## MEMORANDUM AND ORDER

On July 14, 2011, Plaintiffs and Third-Party Defendants filed a Motion to Dismiss

Defendants' Third-Party Complaint and to Grant Plaintiffs Leave to Dismiss Their Unfair

Competition Claim (Doc. 40). The parties fully briefed their arguments and the motion is

ripe for adjudication. The present analysis involves two distinct issues: (1) whether Plaintiff

should be granted leave to withdraw their sole common law claim against Defendants, and

(2) whether the Court should dismiss Defendants' Third-Party Complaint.

## BACKGROUND

This case originated in the Southern District of New York, where Plaintiffs sued

Third-Party Defendants to recover damages for copyright and trademark infringement. (*See*

*Elsevier, Inc. et al. v. Princeton Micro Scan Corp. et al.*, 10-cv-1117 (DLC) (S.D.N.Y. 2010)).

Pursuant to an agreement reached between those parties in November 2010, the Southern

District of New York Litigation ("Southern District Litigation") was settled, and Plaintiff

agreed to indemnify and defend Third-Party Defendants against any further actions arising

from the initial suit. (*See generally* Settlement Agreement, ECF Dkt. 50-2.) Then, on

December 20, 2010, Plaintiffs filed the instant action against Defendants for copyright and

trademark infringement arising from the same facts and circumstances underpinning the

now settled Southern District Litigation.

Defendants assert that they innocently and unwittingly duplicated copyrighted

material at the behest of their then customer, Third-Party Defendants. (*See Defs.' Br. in

Opp. to Mot. to Dismiss* at 8, ECF Dkt. 45) Defendants posit that they were unaware that

the materials provided to them by Third-Party Defendants for duplication were subject to

copyright or trademark restrictions, and that Third-Party Defendants "fraudulently

concealed" this fact. (*See id.*) Defendants then sought leave of Court to join Third-Party

Defendants for contribution and indemnification for claims brought against Defendant

sounding in both state and federal law.

## STANDARD

In light of the Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Middle District of

Pennsylvania has adopted the following standard by which to treat motions to dismiss. "[T]o

2

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). In *Iqbal*, the Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Furthermore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted); *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009).

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts, as asserted, establish a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950. Thus, a complaint must "show" an entitlement to relief with facts, as a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. *See Philips v. Co. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *see also McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## DISCUSSION

In the present matter, Plaintiffs and Third-Party Defendants essentially seek two separate orders for relief through a single motion. Each issue is independently treated below.

### I.     Plaintiffs' Request to Withdraw Their Common Law Claim

With regard to Plaintiffs' attempt to withdraw their common law claim, Plaintiffs admit that it is a tactical strategy designed to force the dismissal of the Third-Party Defendants. *See* Pls.' and Third-Party Defs.' Br. in Supp. Mot. to Dismiss at 11. Plaintiffs' motion for leave to withdraw their common law claim is governed by FED. R. CIV. P. 41, whose operation "lies within the sound discretion of the district court." *See Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008). "The purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citing Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. 2d § 2364 n. 19 (citing "many, many cases" with similar holdings)). In ruling on a motion to dismiss under Rule 41, "a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense." *Id.* (citing *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 102-03 (W.D. Pa. 1992)(Brooks Smith, D. J.)). "Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which

4

the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and the explanation therefor; and (5) the pendency of a dispositive motion by the non-moving party." *Id.* (citing *Schandelmeier,* 143 F.R.D. at 102-03).

Plaintiffs maintain that Defendants are unable to state claims for contribution and indemnification under the Lanham Act or the Copyright Act, and thus, the only cause of action permitting Third-Party Defendants to remain as parties in this case is the state law claim for unfair competition. While Plaintiffs argue that the elimination of the sole common law claim in their complaint would "streamline" and simplify the present litigation, Plaintiffs are unwilling to withdraw their common law claim with prejudice. *See* Pls.' and Third-Party Defs.' Br. in Supp. Mot. to Dismiss at 11, n.1. In fact, Plaintiffs indicate that they may, however unlikely, prosecute a second action premised upon this claim. *See id.* at 13. This would permit the cause of action to be re-filed in another court at another time. Discovery in this case has progressed significantly, and the Court is unwilling to allow Plaintiffs to withdraw their claim at this late stage, which attempt was undertaken solely for tactical reasons. The Court, as well as the parties, have an interest in settling the issues in this case expeditiously and, under the present circumstances, in one forum. Granting Plaintiffs leave to withdraw their claim, without prejudice, would undoubtedly inflict undue prejudice upon Defendants, as it would foster additional piecemeal litigation with the prospect of its renewal in another forum at some unspecified time in the future.

In addition, Plaintiffs have previously, and with leave of Court, amended their Complaint to include additional allegations, but did not withdraw their common law cause of action at that time. Plaintiffs had ample opportunity to withdraw their common law claim at earlier points, but instead waited until a time when such a withdrawal could negatively impact, and materially prejudice, Defendants. Not only is the vast majority of discovery now complete, but defendants have spent substantial time, energy, and sums preparing a defense on this claim. Permitting Plaintiffs' common law claim to be withdrawn, only to be asserted in another, later suit, would unjustifiably harm and materially prejudice Defendants. Plaintiffs refrained from raising this motion at an earlier time, and should not be allowed to do so now for purely tactical reasons. Accordingly, the Court will decline Plaintiffs' request for leave to withdraw its common law claim.

## II.   Dismissal of Defendants' Third-Party Complaint

Plaintiffs and Third-Party Defendants also ask the Court to dismiss Defendants' Third-Party Complaint upon the grounds that (1) any claim against Third-Party Defendant Anthony DeStephen ("DeStephen") was discharged in his prior Chapter 7 bankruptcy and (2) contribution and indemnity are unavailable to Defendants under the Lanham Act and the Copyright Act. We address each issue.

First, pursuant to 11 U.S.C. § 523(a), allegations sounding in fraud, namely that DeStephen's alleged activities were "concealed in fraud," see Defs.' Br. in Opp. to Mot. to Dismiss at 5, ECF Dkt. 45, could vitiate the discharge of any claims asserted against him

relating to the fraud. Defendants did not plead their fraud claim until they were able to do so with specificity, and the fact that claims against DeStephen originating prior to his bankruptcy petition may have been discharged by the bankruptcy court does not unqualifiedly provide DeStephen with immunity from suit. *See Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir. 1996)("Debts listed in sections 523(a)(2), (4), and (6) describe debts which arise from intentional torts such as fraud. . . .Section 523(a)(3)(B) excepts from discharge 'intentional tort' debts that were not listed.") Furthermore, the record indicates that DeStephen alone, and not his other co-Third-Party Defendants, has been the subject of a bankruptcy discharge. DeStephen's discharge of bankruptcy would not shield from liability nor discharge the debts of the other Third-Party Defendants. Accordingly, at this stage, it is appropriate to permit Defendants to progress with their claims against DeStephen concerning fraud.

Second, Plaintiffs and Third-Party Defendants argue that Defendants are unable to adequately maintain an action against them for indemnity and contribution under either the Lanham Act or the Copyright Act. They are correct. In fact, "[t]here is a dearth of case law concerning whether a claim for contribution is permitted" under the federal causes of action raised in this matter. *See Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 69 F. Supp. 2d 678, 681 (M.D. Pa. 1999). In *Santana Prods.*, the Middle District of Pennsylvania noted that there is no indication that Congress intended to include a right of contribution in the Lanham Act. *Id.* at 684. The Lanham Act was not designed to protect trademark

violators by allowing them to mitigate the effects of their wrongdoing by invoking equitable principles in an effort to distribute blame. *See id.* at 684. As the Second Circuit held in *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10 (2nd Cir. 1988), "no express right of contribution exists under the Lanham Act." *Id.* at 16. "It is up to Congress, not the courts, to provide a right of contribution." *Id.* Neither the Lanham Act, nor federal common law, provides such a right.

Indemnification and contribution under the Copyright Act are similarly unavailable. A right to contribution under a federal statute "may arise in either of two ways: first, through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or, second, through the power of federal courts to fashion a federal common law of contribution." *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981)(citing *Nw. Airlines, Inc. v. Transp. Workers*, 451 U.S. 77, 90-91, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981)). Moreover, the "courts have held that copyright infringing defendants cannot assert contribution in claims against third parties who allegedly contribute to infringement; neither the Copyright [a]ct nor federal common law recognizes a copyright infringer's right to contribution." *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005)(citing *Lehman Brothers, Inc. v. Wu*, 294 F. Supp. 2d 504 (S.D.N.Y. 2003)); *see also Equity Builders & Contractors, Inc. v. Russell*, 406 F. Supp. 2d 882, 885-87 (N.D. Ill. 2005)(neither the Copyright Act nor federal common law provide a right to contribution); *Elektra Entm't Group, Inc. v. Santangelo*, 2008 WL 461536, *2

(S.D.N.Y. Feb. 15, 2008)(no right to indemnification or contribution under the Copyright Act or federal common law). Accordingly, Defendants are unable to assert claims for contribution and indemnification stemming from an alleged violation of the Copyright Act.

However, Plaintiffs' claim against Defendants for unfair competition arising under state common law permits Defendants to state claims for contribution and indemnification against the Third-Party Defendants. As the Eastern District of Pennsylvania noted in *Transdermal Prods., Inc. v. Performance Contract Packaging, Inc.*, 943 F. Supp. 551 (E.D. Pa. 1996), "the Commonwealth unquestionably authorizes a joint tort-feasor defendant to seek contribution from fellow joint tort-feasors." *Id.* at 554. In that case, the court held that although claims arising under the Lanham Act were not subject to contribution, the defendant's claims for contribution remained viable exclusively as the result of plaintiff's claims arising under the Pennsylvania Trademark Act. *See id.* Similarly, the Eastern District of Pennsylvania held in *Johnson v. Household Mortgage Services*, 2004 WL 2188111 (E.D. Pa. Sept. 9, 2004), that although the defendants cannot assert claims for indemnification or contribution under federal law, the plaintiff's state law claim alleging a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act permitted such claims to survive. *Id.* at *2-3. "Where state substantive law recognizes a right of contribution and/or indemnity, impleader under Rule 14 is the proper procedure by which to assert such claims." *Id.* at *3. Thus, with regard to Plaintiffs' claims arising under state law, Defendants can maintain their action for indemnification and/or contribution.

Furthermore, "[i]ndemnity, in Pennsylvania, is a common law action which has been described as a 'right which ensures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.'" *Johnson*, 2004 WL 2188111, at *3 (citing *Sirianni v. Nugent Bros., Inc.*, 506 A.2d 868, 870-71 (Pa. 1986)). "[S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous situation caused by the act of the one primarily responsible." *Builders Supply Co. v. McCabe*, 77 A.2d 368, 371 (Pa. 1951). Indemnity is unavailable if the party asserting it "had any part in causing the injury." *See Sirianni*, 506 A.2d at 871. At the motion to dismiss stage, while the Court is unable to discern whether contribution and indemnity will be ultimately unavailable to Defendants, Defendants may properly assert such claims in their pleadings. Plaintiffs' Motion to Dismiss will therefore be denied.

## CONCLUSION

For the reasons set forth in this Memorandum, Plaintiffs' and Third-Party Defendants'

Motion to Dismiss Defendants' Third-Party Complaint and to Grant Plaintiffs Leave to

Dismiss Their Unfair Competition Claim will be **DENIED**.  An appropriate Order will follow.

DATE: March 6, 2012

Robert D. Mariani
United States District Judge

11

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELSEVIER, INC., et al.** | : | |
| | : | |
| **Plaintiffs** | : | |
| **v.** | : | |
| | : | |
| **COMPREHENSIVE MICROFILM** | : | |
| **& SCANNING SERVICES, INC. et al.** | : | |
| | : | |
| **Defendants** | : | **3:10-cv-2513** |
| **v.** | : | **(JUDGE MARIANI)** |
| | : | |
| **PRINCETON MICRO SCAN CORP.,** | : | |
| **FRANKLIN CRAWFORD, ANTHONY** | : | |
| **DESTEPHEN, and JOHN DOE NOS. 1-10:** | | |
| | : | |
| **Third-Party Defendants** | : | |

**AND NOW**, this **6th** day of **MARCH, 2012**, having considered Plaintiffs' and Third-Party Defendants' Motion to Dismiss Defendants' Third-Party Complaint and to Grant Plaintiffs Leave to Dismiss Their Unfair Competition Claim (Doc. 40), **IT IS HEREBY ORDERED:**

1. Plaintiffs' and Third-Party Defendants' Motion to Dismiss Defendants' Third-Party Complaint and to Grant Plaintiffs Leave to Dismiss Their Unfair Competition Claim (Doc. 40) is **DENIED**.

Robert D. Mariani
United States District Judge